UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MENIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00620-JAR |
| ) | |
| BI-STATE DEVELOPMENT AGENCY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Matthew Menien's Motion for Leave to File his First Amended Complaint. (Doc. No. 13). In Plaintiff's initial complaint, (Doc. No. 1-1), he alleges Defendant, his former employer, subjected him to sexual harassment and terminated him in retaliation for complaining about harassment and due to his race and gender. Defendant moved to dismiss. (Doc. No. 7). Plaintiff responded in opposition to Defendant's motion, (Doc. No. 14), and moved for leave to file an amended complaint. (Doc. No. 13-1, "Proposed Complaint"). The proposed complaint is largely the same as the initial complaint, with the addition of three allegations: 1) Plaintiff "was qualified in all aspects for the TSS position, and throughout his employment Plaintiff met the expectations of a TSS," (Proposed Complaint at ¶ 12), 2) "[t]he decision-maker(s) involved in Plaintiff's termination were aware of the previous complaints submitted by Plaintiff," *id.* at ¶ 33, and 3) "but for Plaintiff's opposition to discrimination, Plaintiff would not have been terminated." *Id.* at ¶ 40.

Defendant asks the Court to deny Plaintiff's motion because the proposed amendment is futile and the result of undue delay. Rule 15 governs the pretrial amendment of pleadings and

states that where an amendment is not sought "as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), the "court should freely give leave to amend a pleading when justice so requires." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *Chambers v. Padda*, 2021 WL 735682, at *1 (E.D. Mo. Feb. 25, 2021). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman*, 532 F.3d at 715 (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). Courts may properly deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

Defendant argues that Plaintiff did not timely amend its first amended complaint. Plaintiff's motion to amend is not untimely. The Court has not yet entered a scheduling order in this matter, so no deadline for amendment of pleadings has been set. Although Plaintiff was entitled to amend its pleading as a matter of course within 21 days after service of Defendant's motion to dismiss, Fed. R. Civ. P. 15(a)(1)(B), he may amend his pleading with the Court's leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff filed his motion less than a month after Defendant filed his motion to dismiss. Under these circumstances, the Court cannot say that Plaintiff's motion to amend is unduly delayed. Moreover, in most cases, undue delay alone is an insufficient reason to deny a motion to amend; "prejudice to the nonmovant must also be shown." *Moses.com*, 406 F.3d at 1065 (internal quotation omitted). Defendant has not alleged

that it suffered any prejudice. The Court will not deny Plaintiff's motion on the basis of timeliness.

Defendant further argues that Plaintiff's motion to amend should be denied as futile for the reasons set forth in its motion to dismiss. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)....'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). "Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." *Schwend v. U.S. Bank, N.A.*, 2011 WL 5039812, at *3 (E.D. Mo. Oct. 24, 2011) (citing *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994)).

The Court cannot say that the proposed amendments are clearly frivolous or legally insufficient on their face. The amendments go directly to the arguments raised in the motion to dismiss,[1] and Defendant does not explain if or how the amendments affect its arguments. As such, amendment is not futile. It is possible that Defendant will show that the Proposed Complaint should be dismissed. However, there is no "compelling reason" to deny amendment at this time. *Moses.com*, 406 F.3d at 1065.

Accordingly,

---

[1] Defendant claims Plaintiff failed to allege that his engagement in a protected activity was the but-for cause of his termination, and in the Proposed Complaint, Plaintiff alleges that his "opposition to discrimination" was the but-for cause of his termination. (Proposed Complaint at ¶ 40). Likewise, Defendant argues in his Motion to Dismiss that Plaintiff failed to allege that the individual who terminated him was aware of the complaints about harassment, and Plaintiff adds an allegation that "[t]he decision-maker(s) involved in Plaintiff's termination were aware of the previous complaints submitted by Plaintiff." *Id.* at ¶ 33. Finally, Defendant contends that Plaintiff did not allege that he was qualified for his position. In the Proposed Complaint, Plaintiff alleges that he was qualified for his former role. *Id.* at ¶ 12.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [13] is **GRANTED**. The Clerk is directed to detach the Proposed Complaint (Doc. No. 13-1) and docket it as Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Case [7] is **DENIED as moot**.

Dated this 10th day of August, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE